No. 45,055

WAYNE TOLAND, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(434 P. 2d 814)

Opinion filed December 9, 1967.

*L. J. Grant,* of Topeka, argued the cause and was on the brief for appellant. *Leland E. Nordling,* of Hugoton, also filed a brief for appellant.

*Paul A. Wolf,* County Attorney, argued the cause and *Robert C. Londerholm,* Attorney General, was with him on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: The petitioner Wayne Toland is presently serving a sentence in the Kansas State Penitentiary, Lansing, Kansas. He entered voluntary pleas of guilty to grand larceny and burglary in the second degree on September 2, 1965. Petitioner's motion to vacate and set aside the judgment and sentences was presented and denied by the trial court on June 30, 1966. Appeal is taken from the order denying the motion to vacate.

The grounds on which petitioner based his motion were (1) "incompetent and ineffective assistance of counsel," (2) "I was forced through my attorney and my lack of knowledge to be a witness against myself" and (3) "Illegal search warrant constituted illegal seizure" (of evidence).

The records abstracted from Stevens county, Kansas, establish that petitioner was arrested on the charges of grand larceny and burglary in the second degree and was taken before the county court. Thereupon the following proceedings, as recorded in the journal entry of that court, transpired:

"Thereupon, the defendant is asked in open court if he has funds with which to retain an attorney and the defendant informs the court that he does not have and that he desires an attorney to be appointed to represent him. The court thereupon appointed D. O. Concannon of Hugoton, a member of the Bar of the State of Kansas and a practicing attorney at law in the City of Hugoton, to serve as attorney on behalf of the defendant.

"The reading of the complaint is duly waived by the defendant and the court asks the defendant if he desires a preliminary hearing. Thereupon, the defendant, through his attorney, waives said hearing.

"Thereupon, the defendant is bound over to the next term of the Stevens County District Court for trial. Bond for appearance at said term of said court is set at $1500.00."

The journal of the district court of that county records the following proceedings:

"Now on this 2nd day of September, 1965, the same being one of the days of the regular March 1965 term of the above entitled court, with the Honorable L. L. Morgan presiding, the above matter comes on for hearing. Plaintiff appears by Paul A. Wolf, County Attorney of Stevens County, Kansas, and the defendant appears in person and in the custody of Sheriff W. T. French.

"Thereupon, the defendant is asked in open court whether he has funds with which to retain an attorney and he informs the court that he has not and that he desires an attorney to be appointed to represent him.

"Thereupon, the court appoints D. O. Concannon, a member of the Bar of the State of Kansas and a practicing attorney at law in the City of Hugoton, Kansas, to serve as attorney for and on behalf of the defendant.

"Thereupon, the defendant consults with his attorney and said attorney informs the court that the defendant is ready to proceed.

"Thereupon, the defendant waives arraignment and after the reading of the Information the defendant enters his plea of guilty to the charge of grand larceny and burglary in the second degree, in violation of K. S. A. 21-524.

"Thereupon, the defendant is asked if he knows of any legal reason why sentence of the court should not be pronounced at this time and he replies that he knows of no such reason."

Thereupon petitioner was sentenced from five to ten years for second degree burglary, to not more than five years for grand larceny (K. S. A. 21-524) and both sentences were made to run concurrently.

Petitioner was represented by appointed counsel, D. O. Concannon, at both the preliminary hearing and at the arraignment and sentencing proceedings in the district court. Petitioner was given the right of allocution after he entered a plea of guilty and he replied he knew of no reason why sentence should not be pronounced.

On the hearing of petitioner's motion to vacate judgment and sentences the trial court made specific findings based on the records as follows:

"A. That movant was represented by competent counsel:

"B. That movant was not forced by his own counsel to be a witness against himself; that the movant plead guilty to the charges filed against him and did not take the witness stand until after the plea of guilty was entered, and that movant took the witness stand to support his own application for probation:

"C. That the search warrant on its face is valid and proper; that said search warrant directed the Sheriff to look for certain items at the residence of the movant or in a Ford automobile owned by the movant at 10th and Monroe; that W. T. French, Sheriff of Stevens County, Kansas, has testified that the actual residence of movant at the time the residence and automobile of movant were searched was at 10th and Polk; that K. S. A. 62-1830 does not require that the search warrant give the correct description of the property to be searched; that the terms "residence" and "Ford automobile" are a sufficient description of the place or means of conveyance to be searched; that the actual street address is surplusage and that the acts involved in the above entitled matter did not constitute illegal search and seizure."

The record indicates the petitioner waived a preliminary hearing and in later proceedings in the district court waived arraignment and entered a voluntary plea of guilty to the charges. The record establishes that petitioner was represented by appointed counsel who was present during both proceedings. When petitioner was tendered a right of allocution petitioner stated he knew of no reason why sentence should not be pronounced. It must be presumed he was fully and fairly represented by counsel in all matters before the court. (*Kelly v. State,* 196 Kan. 428, 411 P. 2d 611; *Call v. State,* 195 Kan. 688, 408 P. 2d 668, cert. den., 384 U. S. 957, 16 L. Ed. 2d 552, 86 S. Ct. 1581.) There is nothing in the record, including the motion to vacate, to indicate otherwise.

The burden is on the appellant-petitioner to show the representation by his attorney was so ineffectual and inadequate as to amount to denial of competent counsel. (*State v. Richardson,* 194 Kan. 471, 487, 399 P. 2d 799.)

The record refutes petitioner's statement that he was forced to be a witness against himself for he did not testify at the preliminary proceeding or on his arraignment and sentencing. He waived preliminary hearing and entered a plea of guilty to the charges. Any hearing conducted on petitioner's application for probation was no part of the proceedings upon which the judgment and sentence were entered.

The final ground of petitioner's motion would seem to be that evidence against him was obtained by illegal search and seizure. He attacks the sufficiency of the description of the premises to be searched and the property to be seized as identified in the papers upon which a search warrant was issued by the county judge.

We have repeatedly held that when judgment and sentence are entered upon a voluntary plea of guilty there can be no review

of the sufficiency of the evidence. This evidence was not used and any question of admissibility is waived by entry of a guilty plea. (*Dexter v. Crouse,* 192 Kan. 151, 386 P. 2d 263; *Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147; *McCall v. State,* 196 Kan. 411, 414, 411 P. 2d 647.)

The petitioner contends on appeal, for the first time, that he was denied due process of law by the court's failure to require a transcript of the proceedings on arraignment and sentencing.

This ground was not contained in the motion to vacate judgment and sentence. It was not presented to or passed upon by the lower court. Under such circumstances an appellate court will not consider the question for the first time. (*Tate v. State,* 196 Kan. 435, 411 P. 2d 661; *Fairbanks v. State,* 196 Kan. 650, 413 P. 2d 985.)

The judgment is affirmed.