No. 46,643

TERRY LEE WIDENER, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(499 P. 2d 1123)

Opinion filed July 19, 1972.

*William A. Taylor,* III, of Winfield, argued the cause and was on the brief for the appellant.

*Richard B. Camp,* county attorney, argued the cause, and *Vern Miller,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Terry Lee Widener was sentenced on pleas of guilty to second degree burglary (K. S. A. 21-520) and escape from jail (K. S. A. 21-736). Pleas were entered July 13, 1970. He is presently in custody at the Kansas State Industrial Reformatory at Hutchinson, Kansas. No question is raised as to the terms of the sentences imposed.

This appeal is from an order denying post-conviction relief under

K. S. A. 60-1507. Appellant's motions to set aside his convictions were summarily denied on the record. Two matters are raised in this appeal.

His first contention is based on a claim of denial of his constitutional right to counsel at the time of the arraignments and pleas.

A city court appointed attorney Richard E. Cook to represent the appellant. Mr. Cook was at the time in question the elected probate judge of Cowley County. It is now claimed the judge's representation of appellant conflicted with his duties as probate judge. It is argued a conflict of interest precluded the appointment and rendered the appellant's convictions void.

The probate court of Cowley County is located at Winfield, Kansas. Richard E. Cook maintains a law office in Arkansas City. Mr. Cook was appointed to represent appellant on June 18, 1970, by The Honorable Ted M. Templar, Judge of the City Court of Arkansas City, Kansas. Appellant waived his preliminary hearing in said city court on July 2, 1970. Mr. Cook continued to advise with and represent the appellant during all proceedings in the district court that followed, including the arraignment, pleas and sentencing. At no time was the appellant's case before the probate court of Cowley County.

The population of Cowley County, Kansas, is slightly over 35,000. There are two city courts located in the county with county-wide jurisdiction. The jurisdiction of these city courts includes preliminary hearings in felony cases. The judge of the probate court of Cowley County is not burdened with the additional duties imposed upon judges of county courts in criminal matters. The probate judge of that county has no jurisdiction to preside over preliminary hearings in felony cases. It should also be noted the legislature has imposed no limitation on the practice of law by probate judges in such counties except to exclude them from practice in their own court and in cases where such practice would conflict with the duties of their office or the interests of those having business before the probate court. (See K. S. A. 1971 Supp. 59-207.) In view of the salary provided for the office by statute it would be difficult, if not impossible, to attract attorney candidates if they were prohibited from all law practice on being elected to such office.

Appellant does not quarrel with the quality of the representation he has received from such appointed counsel. The claim of a denial of his constitutional right to counsel in this case is based solely

upon a contention that any attorney who is serving as probate judge cannot be appointed to represent an accused. The conflict of interest claimed arises not because of the factual circumstances of the particular case but by reason of the elected office held by the attorney who represented him. The conflict claimed does not arise from his counsel's duties as a probate judge or from his participation in any events in the probate court involving the appellant herein.

The cases upon which appellant relies are either from states which have an absolute statutory prohibition against the practice of law by a probate judge or they are cases involving proceedings to discipline an attorney under the Code of Professional Ethics. None of the cases apply to the facts of the present case. This is not a disciplinary proceeding and we do not have a statutory prohibition against private practice by the probate judge in Cowley County.

In *Brazzell v. Maxwell*, 176 Ohio St. 408, 27 Ohio Ops. 2d 378, 200 N. E. 2d 309, cert. den. 379 U. S. 981, 13 L. Ed. 2d 572, 85 S. Ct. 688, the claim made was similar to that in the present case. There petitioner's basic contention was that he was deprived of his constitutional rights because his court-appointed counsel was a county judge, allegedly prohibited from private practice by statute. The Ohio court disposed of such claim as follows:

"There is no claim that the counsel appointed to represent petitioner did not competently represent him during the trial. Petitioner bases his argument on the statutory prohibition. The counsel appointed to represent petitioner was a duly licensed attorney at law, and the fact that because of his official position the statute may have barred him from engaging in the active practice of law does not relate to his competency as an attorney nor does it render petitioner's conviction void. See *Berry v. Gray, Warden* (Ky.), 299 S. W. (2d), 124; *People v. Sardo*, 15 Misc. (2d), 69, 178 N. Y. Supp. (2d), 691; and *United States v. Bradford*, 238 F. (2d), 395.)" (p. 408.)

The cases from other states have generally held that holding the elective office of probate judge does not *per se* render the judge's services as appointed counsel a violation of the accused's constitutional right to the effective assistance of counsel nor does it render a petitioner's conviction void.

In essence the appellant is claiming that he was denied the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution. In measuring the adequacy and effectiveness of appointed counsel provided for an accused as guaranteed by the constitution adequacy and effectiveness must be gauged by the actual representation afforded the accused. To be a

denial of an accused's constitutional rights it must clearly appear that the representation of the accused by his counsel was wholly ineffective and inadequate. (*State v. Richardson,* 194 Kan. 471, 487, 399 P. 2d 799; *Toland v. State,* 200 Kan. 184, 186, 434 P. 2d 550; *Baker v. State,* 204 Kan. 607, 464 P. 2d 212.)

Much has been cited concerning the judicial and professional ethics involved when a judge practices law. However, we are not here concerned with judicial or professional ethics. Our problem from the constitutional standpoint is limited to one question. Did the appellant have the effective assistance of counsel? In answer to that question we point out that the appellant does not claim otherwise.

The record clearly indicates that appointed counsel represented the appellant diligently and effectively. Appellant stood charged with three possible felony counts, burglary, larceny and escape from jail. Through the efforts of counsel the larceny count was dismissed by the prosecution, and after a vigorous argument to the court concerning the escape from jail count counsel for appellant succeeded in prevailing upon the court to impose the minimum sentence possible, *i. e.,* six months in the county jail. The maximum sentence authorized by law for that offense is two years in a penal institution. (See K. S. A. 21-736.)

The trial court properly determined the first point raised by movant was without merit as a matter of law. An accused is not denied the effective assistance of counsel guaranteed by the constitution merely because the attorney appointed to represent him holds the office of probate judge of Cowley County, Kansas.

We turn now to appellant's second contention that his pleas were involuntary because of the court's failure to interrogate the accused personally and determine that he fully understood the charges against him.

Notwithstanding the expressed desire of the accused to enter a plea of guilty in a felony case, the court should not enter a judgment upon such a plea without personally making such inquiry of the accused as may satisfy it that there is a factual basis for the plea. This requirement is supported by recent cases from the high court. In *McCarthy v. United States,* 394 U. S. 459, 22 L. Ed. 2d 418, 89 S. Ct. 1166, a federal court rule was held to require that the sentencing federal court not accept a plea of guilty until and unless the defendant was addressed personally by the court, that the federal court

had determined there was a factual basis for the plea and that the defendant understood the nature of the charge and the consequences of the plea.

In *Boykin v. Alabama*, 395 U. S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, this federal rule in *McCarthy* was fastened on the states as a requirement of due process through the Fourteenth Amendment.

In Kansas, statutory requirements effective July 1, 1970, acknowledge the thrust of these federal cases. K. S. A. 1971 Supp. 22-3210 reads in pertinent part as follows:

"Before or during trial a plea of guilty . . . may be accepted when:

"(1) The defendant or his counsel enters such plea in open court; and

"(2) In felony cases the court has informed the defendant of the consequences of his plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea; and

"(3) In felony cases the court has addressed the defendant personally and determined that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea; and

"(4) The court is satisfied that there is a factual basis for the plea.

"(5) In felony cases the defendant must appear and plead personally and a record of all proceedings at the plea and entry of judgment thereon shall be made and a transcript thereof shall be prepared and filed with the other papers in the case."

The requirements of the foregoing statute compare favorably with the Standards for Criminal Justice relating to pleas of guilty adopted by the American Bar Association. (Approved draft, 1968.)

Now let us examine the circumstances surrounding the appellant's pleas. The factual circumstances of the two crimes were meticulously set forth in separate informations. The colloquy between court and counsel and the personal questioning of the defendant by the court follow an almost identical pattern on each separate plea. We will set forth that portion of the verbatim transcript relating to the burglary charge only. It is as follows:

"MR. PRINGLE [assistant county attorney]: May it please the Court, the defendant is personally present in Court with his court-appointed counsel, Mr. Richard E. Cook. The record will reflect that Mr. Cook was appointed in the City Court of ARkansas City, Kansas, and in that court they waived preliminary hearing, and the defendant was bound over to this Court. Mr. Cook was furnished a copy of the complaint filed in this matter, Your Honor, and I'm sure he's aware of the fact that the information is the same as the complaint, and he has advised me that he will waive the reading of the information.

"MR. COOK [attorney for appellant]: If it please the Court, Your Honor, the defendant would waive the reading of the information.

"THE COURT: Very well. Mr. Widener, have you been furnished a copy of the information?

"The Defendant: Yes, sir.

"The Court: Do you know what you're charged with?

"The Defendant: Yes, sir.

"The Court: This information charges you with burglary in the second degree and the commission of a larceny in connection therewith. These are felonies, and being felonies, you're entitled to a trial by jury; you're entitled to be represented by counsel at all stages of the proceedings against you. At the time of trial, if you desire one, you would be allowed to subpoena witnesses in your defense. You would also be allowed to take the witness stand, if you wished, but you would not be required to do so. Have you had sufficient time to talk to your counsel, Mr. Cook, about this matter?

"The Defendant: Yes, sir.

"The Court: How old are you?

"The Defendant: Twenty.

"The Court: Mr. Widener, are you ready then to plead to this information in Case 6629 charging you with burglary in the second degree?

"The Defendant: Yes, sir.

"The Court: How do you plead to the count charging you with burglary in the second degree, guilty or not guilty?

"The Defendant: Guilty.

"Mr. Pringle: The State at this time, Your Honor, would move to dismiss the grand larceny charge.

"The Court: Very well, permission is granted. Mr. Widener, do you plead guilty to this because you did in fact burglarize this concession stand?

"The Defendant: Yes, sir.

"The Court: You understand that the penalty for burglary in the second degree is not less than five nor more than ten years?

"The Defendant: Yes, sir.

"The Court: You enter this plea of guilty freely and voluntarily?

"The Defendant: Yes, sir.

Although the court's inquiry as to a factual basis for the plea appears skimpy it did ascertain that a copy of the information had been furnished appellant in advance of arraignment. The details of the particular crime charged were set forth therein. The elements essential to the crime were clearly stated. The information charged that on June 11, 1970, in the night-time, Mr. Widener had unlawfully, feloniously and burglariously broke into a concession stand in the city ball park in Arkansas City by ripping tin from the roof of the stand, entered an inner room by opening a window and had stolen and carried away various described items of merchandise located therein which were the property of the Arkansas City, Kansas Baseball Association. The court, in addition to ascertaining that appellant had had an opportunity to see the information and discuss the matter with his attorney, asked him if he pled guilty because he "did in fact burglarize this concession stand".

The appellant's answer was an unequivocal yes. We believe all this was sufficient to establish a factual basis for the plea and that defendant understood the nature of the charge and the consequences of the plea.

Our examination of the proceedings as to the plea on the escape from jail charge leads us to a similar conclusion.

From what has been said we conclude the trial court properly determined that appellant's motion under K. S. A. 60-1507 should be denied summarily on the record as a matter of law. The order of denial is affirmed.