No. 47,821

Mrs. J. W. Schoonover, *Appellant*, v. The State of Kansas, *Appellee.*

(543 P. 2d 881)

Opinion filed December 13, 1975.

*William D. Hamblin,* of Overland Park, argued the cause, and *Thomas W. Brooks,* of Overland Park, was with him on the brief for the appellant.

*Robert L. Pinet,* county attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

Prager, J.: This is a proceeding brought by the petitioner-appellant, Mrs. J. W. Schoonover, pursuant to K. S. A. 60-1507 to set aside a conviction and sentence of life imprisonment for murder in the first degree imposed after trial by jury. The factual circumstances surrounding the homicide are not set forth with particularity in either the record or briefs of counsel. Suffice it to say Mrs. Schoonover was charged with the premeditated murder of her husband, J. W. Schoonover, on October 24, 1973, in Franklin county. The petitioner does not contend that the evidence presented at the trial was insufficient to sustain the verdict of the jury.

Mrs. Schoonover through her attorney filed a direct appeal from her conviction which was abandoned following the institution of the present proceeding. The theory behind Mrs. Schoonover's petition for relief in this case is that she was denied her right to effective assistance of counsel as guaranteed by the Sixth Amendment to the Constitution of the United States. Her court-appointed counsel was Myron S. Steere, a practicing attorney of Ottawa, Kansas.

In her 60-1507 motion Mrs. Schoonover alleged that she was denied her constitutional right to effective assistance of counsel because of the following claimed acts of misconduct on the part of her court-appointed attorney:

(1) He entered into a written agreement with petitioner providing for a contingent fee based upon the outcome of the trial.

(2) He failed to initiate or enter any plea negotiations for a nontrial disposition of the case.

(3) He accepted appointment as attorney for petitioner knowing that he was a material witness on behalf of the petitioner and that he was endorsed as a witness on behalf of the state.

(4) He represented the decedent, Joseph W. Schoonover, prior to his death which was in conflict with the interest of petitioner.

(5) He failed to seek a change of venue.

(6) He conducted the voir dire of jurors to the prejudice of petitioner's right to a fair trial.

Following the filing of the motion to vacate the Honorable Michael A. Barbara, district judge of Shawnee county, was assigned to hear the matter. Judge Barbara had previously been assigned and served as the trial judge in the murder case. He promptly set the matter down for hearing and the petitioner was afforded a full evidentiary hearing on the issues raised in her motion. After hearing evidence and arguments of counsel the trial court took the matter under advisement and thereafter entered judgment denying the motion and making comprehensive findings of fact and conclusions of law. In its findings of fact the trial court correctly stated that in a proceeding under K. S. A. 60-1507 the petitioner had the burden of proof to sustain by a preponderance of the evidence her claim of relief upon the issues presented. (*Winter v. State,* 210 Kan. 597, 502 P. 2d 733.) The findings of the trial court will not be repeated here in their entirety. We will set forth only those findings of the trial court pertaining to the specific points raised by the petitioner on this appeal.

In regard to the failure of defense counsel to negotiate and enter into plea negotiations with the prosecutor, the trial court found as follows: Petitioner's appointed counsel, Myron S. Steere, did not make any contact with the prosecutor for the purpose of plea negotiations. Steere conferred on 18 to 25 occasions with petitioner and at each instance petitioner advised him not to negotiate for any plea. The county attorney, Robert L. Pinet, testified that although he would have considered any offer for plea negotiations he was in no position to do anything but try Mrs. Schoonover as charged. The trial court noted that the American Bar Association Standards for Criminal Justice, The Defense Function § 6.1, provides that ordinarily the lawyer should secure his client's consent before engaging in plea discussions with the prosecutor. In view of this evidence the trial court concluded that the petitioner had failed to meet her burden of proof on this issue.

In regard to the claim of petitioner that her appointed counsel had accepted his appointment knowing that he was a material witness on behalf of the petitioner and that he was endorsed as a witness on behalf of the state, the trial court found that on the very evening of the homicide petitioner telephoned Myron S. Steere and requested him to come to her residence and that he thereafter participated as her counsel at her request. It was undisputed that the petitioner regarded Mr. Steere as her lawyer both for herself and her husband while he was alive. The trial court found that the fact that Steere had knowledge of some of Mr. and Mrs. Schoonover's personal business and had represented them did not in any way constitute a conflict of interest to the prejudice of the petitioner. With full knowledge of the fact of Mr. Steere's prior representation petitioner agreed to his representation as shown by her statement at the pretrial conference where petitioner stated that she was very much satisfied with Mr. Steere. Furthermore the trial court ordered that the state would not be permitted to call Steere as a witness since any information about the case obtained by Steere in his capacity as Mrs. Schoonover's lawyer was privileged. The trial court found that the petitioner had failed to sustain her burden of proof on this issue.

As to the complaint of petitioner that Steere had represented the decedent, Joseph W. Schoonover, prior to his death, the trial court found that this did not per se constitute a conflict of interest to the prejudice of the petitioner and that the petitioner had failed to sustain the burden of proof on that issue.

In regard to the contention of petitioner that her appointed counsel Steere had failed to seek a change of venue from Franklin county, the trial court found that petitioner after discussing the matter with her counsel had agreed that a change of venue would not be requested. The failure to request a change of venue was apparently trial strategy of counsel with petitioner's full knowledge and agreement. On the issue presented the trial court found that petitioner had failed to meet her burden of proof.

As to the petitioner's contention that her court-appointed counsel conducted the voir dire of the jury to the prejudice of her right to a fair trial, the trial court made the following findings: Several jurors were asked questions by Steere concerning the petitioner's background, particularly the fact that she had been married and divorced a number of times, that petitioner might have been arrested on a DWI charge, and that the petitioner had been imprisoned on previous occasions. In each instance every juror indicated that these facts would not affect his verdict. Mrs. Schoonover prepared a statement of questions covering the subject mentioned for her counsel to ask the jurors. Included were questions relating to the petitioner's "nine husbands" and her prior prison confinement. The court noted that the context of these questions and the admonition by petitioner to "challenge" jurors indicated that petitioner was not a novice in these matters as she attempted to portray to the court. The court also noted that during the trial and the pretrials petitioner took a most active role in note taking and conferring with her counsel. The trial court specifically found that the questions propounded by her counsel to various jurors concerning the petitioner's background and record were done so with the awareness of petitioner and with her consent and constituted trial strategy. It concluded that the petitioner had failed to meet the burden of proof on this issue.

This court has carefully reviewed the evidentiary record pertaining to each of the issues just discussed and is convinced that the findings of fact of the trial court pertaining thereto are fully sustained by the evidence presented at the hearing. Furthermore in her statement of points raised by this appeal the petitioner does not challenge the sufficiency of the evidence to support those findings. Under the circumstances we must accept the findings of fact of the trial court as to those issues.

The issue involved on this appeal is whether the petitioner was denied her constitutional right to the effective assistance of counsel

because her court-appointed counsel entered into a written agreement with her providing for the payment of a contingent fee based upon the outcome of the trial. On this issue there is no real factual dispute. As stated above on the evening her husband was killed, October 24, 1973, Mrs. Schoonover telephoned Myron S. Steere and following a conversation at her home he agreed to and did represent her in defense of the murder charge. At the time Mrs. Schoonover first employed Steere she apparently did not have funds of her own to pay an attorney fee. She apparently had no hope of inheriting any property from her deceased husband, J. W. Schoonover, in the event she should be convicted of his murder. K. S. A. 1973 Supp. 59-513 provides in substance that no person who shall be convicted of feloniously killing another person shall inherit or take by will or by intestate succession any portion of his estate or property in which the decedent had an interest. Following the filing of the complaint charging murder in the first degree Mrs. Schoonover's indigency was called to the attention of the county court. With the consent of Mrs. Schoonover, Myron S. Steere was appointed on November 7, 1973, as counsel to represent her. Thereafter Mr. Steere represented Mrs. Schoonover at the preliminary examination in the county court on November 26, 1973, at the hearing of several pretrial motions in the district court in January and February 1974, at the trial of the case before a jury in March of 1974, and following her conviction at the presentation of a motion for a new trial on April 26, 1974. On August 30, 1974, after Mrs. Schoonover had been sentenced and confined in the Correctional Institution for Women at Lansing, Kansas, petitioner discharged Steere as her counsel. In this 60-1507 hearing the petitioner has been and is represented by her retained counsel, Thomas W. Brooks and William D. Hamblin, both practicing attorneys in Overland Park, Kansas.

The contingent fee contract which is the focal point in this case was executed by petitioner and Steere on March 4, 1974, a few days prior to the commencement of the jury trial. By the terms of this contract Mrs. Schoonover employed Steere to represent her against the charge of murder in the first degree and then it provided as follows:

"The undersigned further understands and knows that you have been appointed to represent her by the court as she has no funds at this time with which to pay for her defense in the case of State v. Schoonover. In the event she is found not guilty of the charges filed against her, is acquitted, or other-

wise goes free, the undersigned agrees to pay you all of the right, title and interest she may be entitled to in the estate of J. W. Schoonover, deceased, except the sum of $10,000.00 for your services herein.

"It is understood that if she is convicted of a lesser offense that does not take away her inheritance from the said J. W. Schoonover, that you will be entitled to the same fee.

"It is further understood that you will not receive any moneys from the State of Kansas for representing her if she is acquitted or otherwise goes free."

The thrust of the petitioner's position is that she was denied effective assistance of counsel as a matter of law because her appointed counsel was guilty of dishonesty and unethical conduct in entering into a contingent fee contract in a criminal action in violation of the Code of Professional Responsibility, DR 2-106 (A) and (C), which provides as follows:

"DR 2-106  Fees for Legal Services

"(A) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.

.    .    .    .    .    .    .    .    .    .    .    .

"(C) A lawyer shall not enter into an arrangement for, charge, or collect a contingent fee for representing a defendant in a criminal case."

In her brief Mrs. Schoonover emphasizes that she is neither claiming that her court-appointed counsel was negligent, nor is she contending that he was inept. She contends that he was dishonest and therefore her right to honest and diligent counsel was denied her. Following the evidentiary hearing the trial court found that the contingent fee contract had been entered into between the parties on March 4, 1974, and that thereafter the state of Kansas had paid to Steere as appointed counsel the sum of $4,227 for his services. The trial court further found that the contingent fee contract was in violation of DR 2-106 (C) of the Code of Professional Responsibility. The trial court in its findings pointed out that the fact that counsel entered into an unethical agreement and breached his professional responsibility may expose him to disciplinary sanctions but this, standing alone, does not constitute inadequate and ineffective representation. The agreement called for a payment of a substantial sum (approximately $50,000) if petitioner were found not guilty of any felonious killing of her husband. It would inure to counsel's financial benefit to have petitioner either acquitted or found guilty of involuntary manslaughter or a lesser offense since under K. S. A. 59-513 one who feloniously kills another person may not inherit from the estate of the deceased. The trial court then found that petitioner had failed to sustain the

burden of proof that the contingent fee contract violated her right to adequate and effective assistance of counsel.

The petitioner's three points on this appeal are stated as follows:

"(1) It was error for the Court to hear evidence that experienced trial counsel had proceeded unethically and dishonestly with this petitioner and fail to rule that such behavior constituted ineffective and inadequate counsel.

"(2) It was error for the Court to rule that the adequacy of counsel must be judged by the totality of the representation when the evidence indicated counsel acted unethically and dishonestly with his client, the Court and the State of Kansas.

"(3) It was error for the Trial Court to fail to rule that dishonest counsel is per se ineffective and inadequate."

We interpret the petitioner's statement of points on the appeal to raise a single basic contention that the petitioner was denied effective assistance of counsel as a matter of law because of the fact that court-appointed counsel Steere was unethical and dishonest in entering into the contingent fee contract on March 4, 1974.

The test to be applied generally in determining the adequacy and effectiveness of an attorney's services on behalf of an accused in a criminal action is stated in *Winter v. State,* supra, in the following language:

"The adequacy and effectiveness of an attorney's services on behalf of an accused in a criminal action must be gauged by the actual representation afforded the accused in its totality. To be a denial of an accused's constitutional rights it must clearly appear that the representation of the accused was wholly ineffective and inadequate. (*State v. Richardson,* 194 Kan. 471, 487, 399 P. 2d 799; and *Widener v. State,* 210 Kan. 234, 236, 499 P. 2d 1123.) The burden is on the petitioner to show the representation by his attorney was so incompetent and inadequate that the total effect was that of a complete absence of counsel. (*Shores v. State,* 195 Kan. 705, 709, 408 P. 2d 608; *Toland v. State,* 200 Kan. 184, 434 P. 2d 550; and *Baker v. State,* 204 Kan. 607, 614, 464 P. 2d 212.)" (p. 603.)

The totality of circumstances rule stated in *Winter* is quoted with approval in *State v. Banks,* 216 Kan. 390, 532 P. 2d 1058. Considering the totality of circumstances as shown by the evidentiary record before us we cannot say that the trial court erred in holding that the petitioner failed to prove that she was denied her constitutional right to the effective assistance of counsel.

The petitioner maintains that in this case it was error for the trial court to hold that adequacy of counsel must be judged by the totality of the representation since the undisputed evidence here showed that court-appointed counsel was guilty of unprofessional conduct in entering into a contingent fee contract in a criminal

case. We do not agree. In their brief counsel for Mrs. Schoonover have not called our attention to any cases holding that unprofessional conduct in violation of a disciplinary rule contained in the Code of Professional Responsibility constitutes ineffective and inadequate counsel as a matter of law. In our judgment unprofessional conduct on the part of court-appointed counsel is simply one factor to be considered as a part of the totality of circumstances in making a judicial determination as to whether an indigent defendant has been provided representation by effective counsel. In the American Bar Association Standards relating to The Defense Function § 1.1, the relationship between unprofessional conduct and the effectiveness of counsel is stated to be as follows:

"The Defense Function
"1.1 Role of defense counsel; function of standards.

. . . . . . . . . . . . .

"(*f*) In this report the term 'unprofessional conduct' denotes conduct which is or should be made subject to disciplinary sanctions. Where other terms are used, the standard is intended as a guide to honorable professional conduct and performance. These standards are *not* intended as criteria for the judicial evaluation of the effectiveness of counsel to determine the validity of a conviction; they may or may not be relevant in such judicial evaluation, depending upon all the circumstances."

In the present case the evidence showed clearly that court-appointed counsel was guilty of unprofessional conduct in entering into a contingent fee contract with his client in a criminal case. This was a violation of the Code of Professional Responsibility, DR 2-106 (C), and in addition was contrary to the ABA Standards relating to The Defense Function § 3.3. In its memorandum opinion the trial court so found and expressed its concern about the matter. Following his determination of the case Judge Barbara forwarded a copy of his decision and opinion along with a copy of the contingent fee contract to the disciplinary administrator for consideration and appropriate action. Disciplinary action was in fact taken by the State Board of Law Examiners which recommended to the court that Steere be disciplined by public censure. Mr. Steere elected in writing to accept the recommended discipline. This court followed the recommendation of the State Board of Law Examiners and issued its order of public censure on June 2, 1975. (*In re Steere*, 217 Kan. 276, 536 P. 2d 54.)

In *Widener v. State*, 210 Kan. 234, 499 P. 2d 1123, it was contended that a violation of the Code of Professional Responsibility per se constituted ineffective and inadequate assistance of counsel.

There the defendant claimed that he was denied the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution because his appointed counsel was the elected probate judge of Cowley county whose representation of the defendant conflicted with his duties as probate judge. We held that the adequacy and effectiveness of counsel provided for an accused as guaranteed by the Constitution of the United States must be measured by the *actual representation* afforded the accused. We stated that we were not concerned in that case with the judicial and professional ethics involved when a judge practices law. We then held that the accused had not been denied the effective assistance of counsel merely because his court-appointed counsel held the office of probate judge of Cowley county.

In any criminal action we are, of course, greatly concerned with a violation of the professional code by participating counsel. Where violations occur, prompt disciplinary action should be taken. However, such unprofessional conduct may or may not be relevant as criteria for the judicial evaluation of the effectiveness of counsel, depending upon all the circumstances.

We wish to emphasize that under certain circumstances a contingent fee contract followed by subsequent actions of defense counsel may constitute ineffective assistance of counsel in violation of the constitutional rights of an accused. For example, in *United States Ex Rel. Simon v. Murphy*, 349 F. Supp. 818 (Dist. Ct. Pa. 1972) it was held that under the totality of circumstances the actions of defense counsel with a contingent fee contract created a conflict of interest which required the granting of a new trial. The circumstances in that case were much different from those in the present case. There the prosecutor advised defense counsel he would accept a plea of guilty to a lesser offense, contingent upon acceptance of the offer prior to the swearing of the jury. Defense counsel did not timely communicate to the accused the fact that the prosecutor had offered to accept the plea of guilty to a lesser offense. He counseled her to persist in her not guilty plea. The court stated that a conflict of interest arises where the lawyer is faced with the task of giving advice to the client on optional courses of action where the lawyer stands to benefit personally from the adoption of one course to the exclusion of the other. The court held that the lawyer's contingent fee agreement created a conflict between his personal interests and those of his client. The circum-

stances presented in the case now before us are entirely different. Here the testimony showed that Mrs. Schoonover insisted upon being tried as charged and she emphatically refused to permit her counsel to enter into plea negotiations. Furthermore, considering the contingent fee contract in this case, it is obvious that counsel would have been motivated in the direction of diligent representation. The record is completely devoid of evidence that the prosecutor suggested to defense counsel that plea bargaining might be fruitful. In fact the undisputed testimony of the county attorney, Robert L. Pinet, was that he was in no position to do anything but try Mrs. Schoonover as charged.

For the reasons set forth above the judgment of the district court is affirmed.