UNITED STATES

v.

Specialist Four Michael E. TOMCHEK, 121–42–7997, US Army, Company B, 3d Battalion, School Brigade, United States Army Signal School, Fort Gordon, Georgia 30905.

SPCM 11060.

U. S. Army Court of Military Review.

Sentence Adjudged 20 Dec. 1974.

Decided 29 March 1976.

Appellate Counsel for the Accused: CPT Derryl W. Peden, JAGC; CPT Anthony J. Siano, JAGC; MAJ Richard J. Goddard, JAGC: LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT William C. Kirk, JAGC; CPT Raymond M. Ripple, JAGC; MAJ Steven M. Werner, JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

CLAUSE, Senior Judge:

Appellant alleges that he was substantially prejudiced by the unethical conduct of a military judge who appeared as a Government character witness at his trial.

Appellant's case was referred to trial before a special court-martial to which the witness in question was initially assigned as military judge. Before trial a different military judge was designated and assigned to the court-martial and served during the trial. The witness never served in any official capacity with respect to appellant's case.

After the Government had rested its case the appellant testified in his own behalf on the merits. As a rebuttal witness to attack the appellant's credibility, the Government called the witness in question.

Canon 2B of the American Bar Association Code of Judicial Conduct provides that a judge ". . . should not testify voluntarily as a character witness." The commentary accompanying the Canon explains this provision as follows:

> "The testimony of a judge as a character witness injects the prestige of his office into the proceeding in which he testifies and may be misunderstood to be an official testimonial. This Canon, however, does not afford him a privilege against testifying in response to an official summons."

■

The Code of Judicial Conduct and the Code of Professional Responsibility of the American Bar Association were made applicable to Army judges and lawyers involved in court-martial proceedings by paragraph 2–32, Army Regulation 27–10.

■ There is no ethical problem in this case if there was no choice on the part of the witness. Although affidavits have been submitted on the question of the existence of choice, we are reluctant to decide an ethical issue on the basis of affidavits alone.[1] It is well established that the determination of the ethical question is a separate one from the question of whether the conduct involved operated to the prejudice of the accused.[2] *United States v. Ross*, 19 U.S.C.M.A. 51, 41 C.M.R. 51 (1969); *Schoonover v. State*, 218 Kan. 377, 543 P.2d 881 (1975); *Hunter v. Troup*, 315 Ill. 293, 146 N.E. 321 (1924).

■ We focus on the central issue of possible prejudice to appellant by assuming that the witness had some choice and testified in violation of the canons cited above. Even under that assumption there was no prejudice. The witness was competent to testify and his testimony was not violative of any legally enforceable right of the appellant. We have determined that the testimony was not given undue consideration merely because of the witness's status as a judge. In this regard, it is significant that the trial was before a military judge alone. *United States v. Montgomery*, 20 U.S.C.M.A. 35, 42 C.M.R. 227 (1970). There was no objection to the appearance of the witness because of his status as a judge and he was treated by all parties as any other witness. *See United States v. Nelson*, 1 M.J. 235 (1975).

The findings of guilty are affirmed. However, we find the sentence excessive. On the basis of consideration of the entire record, only so much of the sentence as provides for confinement as hard labor for three months and forfeiture of $150.00 pay per month for three months is affirmed.

Judges DONAHUE and COSTELLO concur.

---

1. Ethical questions can more properly be determined by appropriate proceedings established for that purpose. *See* Section III, Chapter 4, Army Regulation 27–10. *United States v. Watson* (A.C.M.R. 8 December 1975). *See also* ABA Standards, The Function of the Trial Judge § 9.1 (1972).

2. Military judges should always scrupulously adhere to the judicial canons of ethics and avoid even the appearance of evil. A judge should normally resist a request to testify as a character witness and when approached to do so should insist upon the issuance of an official summons.