No. 47,951

Jesse Cook, *Appellant*, v. State of Kansas, *Appellee*.

(552 P. 2d 985)

Opinion filed July 23, 1976.

*John J. Ambrosio*, of Topeka, and *Donald W. Rupert*, legal intern, of Topeka, were on the brief for the appellant.

*Curt T. Schneider*, attorney general, *Gene M. Olander*, district attorney, and *Donald P. Morrison*, assistant district attorney, were on the brief for the appellee.

*Per Curiam:* This is an appeal from a judgment of the district court of Shawnee County summarily denying relief on a motion filed pursuant to K. S. A. 60-1507, where the petitioner, Jesse Cook, seeks to vacate his sentence on conviction of three counts of the sale of marihuana. (K. S. A. 65-4125 [b], Repealed July 1, 1973.)

The petitioner, represented by employed counsel, was convicted in a jury trial. Sentences of not less than two nor more than twenty years were made to run concurrently. The petitioner first contends the trial court actually sentenced him to not more than ten years instead of twenty years. Counsel was appointed to represent the petitioner in the post-conviction proceedings, and the court, by *nunc pro tunc* journal entry, corrected the concurrent sentences to run for not less than two nor more than ten years.

The petitioner's other ground for relief concerns his claim that "a jailer" would testify to his being in an "illegal one man identification line-up." The trial court did not grant an evidentiary hearing on this claim but summarily denied the petitioner's motion. On the record here presented this was proper because no factual basis was alleged in his motion to support the claim of an illegal lineup. The mere conclusionary contention of a petitioner for which no evidentiary basis is stated or appears is not a sufficient basis for post-conviction relief. (*Burns v. State*, 215 Kan. 497, 524 P. 2d 737.)

Furthermore, the record reveals no contemporaneous objection to the alleged illegal identification process at the time of the trial. As such the issue is not reviewable. (*Baker v. State*, 204 Kan. 607, 464 P. 2d 212; and *Wood v. State*, 206 Kan. 540, 479 P. 2d 889.) For

all the record discloses, the petitioner's counsel may have declined to object for strategic or tactical reasons, or because he felt the point had no merit.

Finally, no direct appeal was taken from the judgment of conviction. Since the complaint of suggestive identification (if that is what it amounts to) goes to the admissibility of identification evidence at trial, the point is waived unless the petitioner shows exceptional circumstances excusing the failure to appeal. (K. S. A. 1975 Supp. 60-2702, Rule No. 121 [c] [3].) The petitioner does not present exceptional circumstances such as a change in substantive laws or procedural rules. (See, *Barnes v. State,* 204 Kan. 344, 461 P. 2d 782; and *Baker v. State,* supra.)

The petitioner does make veiled accusations that his employed counsel, a duly licensed attorney, was incompetent. However, nothing appears of record to support any such allegation. In *Winter v. State,* 210 Kan. 597, 502 P. 2d 733, the court cited with approval the American Bar Association Standards relating to the defense function, then went on to state the law of Kansas as follows:

"The adequacy and effectiveness of an attorney's services on behalf of an accused in a criminal action must be gauged by the actual representation afforded the accused in its totality. To be a denial of an accused's constitutional rights it must clearly appear that the representation of the accused was wholly ineffective and inadequate. . . . The burden is on the petitioner to show the representation by his attorney was so incompetent and inadequate that the total effect was that of a complete absence of counsel. . . . " (p. 603.)

The petitioner's allegations in his motion are insufficient to present an issue calling for an evidentiary hearing on this point. (See also, *Schoonover v. State,* 218 Kan. 377, 543 P. 2d 881, cert. denied, _____ U. S. _____, 47 L. Ed. 2d 349, 96 S. Ct. 1412.)

The trial court examined the record of the trial and found nothing to warrant a collateral attack on its judgment. On the record before us we see no basis for disturbing the trial court's finding.

The judgment of the lower court is affirmed.