No. 47,995

BOB JAMES, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(553 P. 2d 345)

Opinion filed July 23, 1976.

*Harold T. McCubbin*, of Norton, was on the brief for the appellant.

*Curt T. Schneider*, attorney general, and *Roger M. Theis*, assistant attorney general, were on the brief for the appellee.

*Per Curiam:* This is an appeal by Bob James (petitioner-appellant) from the trial court's denial of an evidentiary hearing pursuant to K. S. A. 60-1507 following sentencing and imprisonment after a plea of guilty was entered to a charge of indecent liberties with a child under fifteen. (K. S. A. 38-711 [Corrick].) The sentence was increased to a term of fifteen years to life under the habitual criminal act, K. S. A. 21-107a, now repealed but controlling in the present case.

In his motion the petitioner presents two grounds for post-conviction relief: (1) That two of the three prior convictions which the trial court used in imposing the habitual criminal sentence were constitutionally faulty in that they were obtained without the assistance of counsel; and (2) that the record of the proceedings upon arraignment and acceptance of his plea of guilty does not meet constitutional standards.

The trial court did not appoint counsel and summarily denied an evidentiary hearing. The petitioner has appealed. While the petitioner asked for an evidentiary hearing he does not suggest what, if any, evidence or witnesses might support his claims. On this state of the record the sole question for determination is the sufficiency of the record in question.

On the first point, the three prior convictions presented to the court to invoke the habitual criminal act were: (a) an Oregon conviction in 1950 for contributing to the delinquency of a nine-year-old female; (b) an Oklahoma conviction in 1963 for burglary; and (c) a Washington conviction in 1968 for taking indecent liberties with a six-year-old female.

We have no difficulty in finding that the burglary conviction in

Oklahoma could not be used to enhance the criminal sentence because the record is silent as to the defendant's representation by counsel, the recital being only that the defendant was personally present. (*Gideon v. Wainwright*, 372 U. S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A. L. R. 2d 733; and *Burgett v. Texas*, 389 U. S. 109, 19 L. Ed. 2d 319, 88 S. Ct 258.) As to the Washington conviction, the record clearly recited representation by counsel and the legality of the conviction is not questioned.

That leaves only the 1950 Oregon conviction subject to our scrutiny in the light of the United States Supreme Court decisions cited above, and our own precedents. If the record of the Oregon conviction is valid, then the sentence by the Kansas court of fifteen years to life is valid as it is supported by two prior felony convictions as required by K. S. A. 21-107a. If the record of the Oregon conviction is constitutionally insufficient, then there would remain only one valid prior conviction to support the habitual criminal treatment and the petitioner would have to be resentenced for a shorter term.

The Oregon conviction record does not show representation by counsel, but it does show a waiver of such representation which is sufficient to meet due process standards. The record recites the petitioner waived preliminary hearing and was bound over "for action by the grand jury." He thereafter expressed a desire "to waive action by the grand jury and permit the district attorney to file an information upon the charge and then to have the matter heard and disposed of without further delay." The record of the petitioner's appearance in the Oregon District Court shows the following:

"Upon the appearance of the said defendant before the court at this time, and under the circumstances above set out, *in answer to questions by the court the said defendant stated he had not consulted an attorney and did not desire to do so and waived his right to have an attorney to advise him in regard to this charge.* The defendant was then asked if he fully understood the meaning of the waiver of the indictment by the grand jury which he had signed, to which he replied that he did fully understand that he waived the action by the grand jury and then [and] there consented to being charged on information by the district attorney, whereupon the waiver of indictment was filed and an order made and entered, herein permitting instruction and directing the district attorney to file his information in this case, whereupon the said information was filed and read to the defendant by the clerk of this court, and the defendant was then and there advised that he could take time in which to enter his plea to the said information and the said defendant then and there waived further time and consented to enter a plea without delay,

whereupon the court asked the defendant what his plea was and he answered GUILTY, and the said plea was thereupon duly entered.

"The court again advised the defendant that he was entitled to take at least one day before sentence or further proceedings in this case were heard and the said defendant then and there waived further time, whereupon the court asked the district attorney if he had any report as to the facts and circumstances in this case." (Emphasis added.)

The district attorney then provided sufficient facts and circumstances surrounding the crime to support the guilty plea.

The next day the petitioner appeared in court for sentencing and in response to the question "if he had anything to say in his own behalf" replied that "he hoped for the best." He stated that he knew of no reason why sentence should not be imposed, and he was sentenced to the Orgeon State Penitentiary for five years.

We consider this record clear and unambiguous. The petitioner urges that the fact the court asked him explicitly if he understood the consequences of his waiving action by the grand jury, and did not ask him if he understood the implications of his waiver of counsel, rendered the record ambiguous. The specific question as to the waiver of grand jury was for the obvious purpose of getting a confirmation of a previous waiver of rights of a more technical character and more subject to misunderstanding than that of merely not wanting an attorney. While there was no specific offer of an attorney and express refusal of such a specific offer, the petitioner's statement that he "had not consulted an attorney and did not desire to do so and waived his *right* to have an attorney advise him in regard to this charge," (emphasis added) amounted to the same thing.

Finding the Oregon record of conviction constitutionally sufficient, there were two valid prior conviction records before the lower court to support the habitual criminal sentence imposed.

There still remains the question of the validity of the proceedings upon arraignment and acceptance of his plea of guilty in Kansas. The record shows the statements and questions of the judge prior to receiving the plea of guilty to be comprehensive and entirely adequate, except there was no specific inquiry or finding as to the factual basis for guilt as is now contemplated by K. S. A. 22-3210 (4). This omission is not fatal to the validity of the plea for two reasons. First, we have held that the requirements of K. S. A. 22-3210 which became effective July 1, 1970, are not retroactive. (See *Peterson v. State,* 215 Kan. 253, 255, 524 P. 2d 740; and *Brizendine v. State,* 215 Kan. 433, 524 P. 2d 718.) The petitioner was arraigned June 3,

1969, when his plea of guilty was received and judgment entered thereon. His referral to the hospital for psychiatric treatment and sentencing deferral until December 1970, does not make 22-3210, *supra*, applicable.

Second, strict compliance with K. S. A. 22-3210, even if it applied, is not mandatory if the purpose of the rule is otherwise served. (*Trotter v. State*, 218 Kan. 266, 543 P. 2d 1023.) Here the record showed that the petitioner said he pleaded guilty because he was guilty; that he told the judge he was a "sick man" and would be behind bars the rest of his life unless referred to a mental institution. Furthermore, he was no stranger to the criminal justice system as he had pleaded guilty to two charges of a similar nature. (See, *State v. Reid*, 204 Kan. 418, 421, 463 P. 2d 1020; and *Trotter v. State*, supra.)

The rule of *Boykin v. Alabama*, 395 U. S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, was announced one day before the petitioner was arraigned in this case and may be applicable here. It is our judg-ment that the proceedings in this case upon arraignment and the receiving of petitioner's plea of guilty measured up in all respects to the federal standards made applicable to the states by the *Boykin* decision, in that the plea was knowingly and voluntarily made with an understanding of the nature of the charge, its factual basis (which facts are recited in the information read to the defendant) and the consequences of the plea. No denial of due process of law is found to exist.

The judgment of the lower court is affirmed.