(901 P.2d 49)

No. 71,257

STATE OF KANSAS, *Appellee*, v. JAMES ALLEN SHAW, SR., *Appellant*.

Opinion filed August 11, 1995.

*Kerry J. Granger*, of Hutchinson, and *Richard J. Rome*, of Hutchinson, for the appellant.

*Alan Hughes* and *Keith E. Schroeder*, assistant county attorneys, and *Carla J. Stovall*, attorney general, for the appellee.

Before BRAZIL, C.J., PIERRON, J., and RICHARD B. WALKER, District Judge, assigned.

PIERRON, J.: Defendant James A. Shaw, Sr., appeals the district court's denial of his motion to withdraw his plea of nolo contendere to one count of aggravated indecent liberties with a child. We reverse and remand.

In an amended complaint filed on September 14, 1993, defendant was charged with aggravated indecent liberties with child, contrary to K.S.A. 1993 Supp. 21-3504(a)(3)(A). The complaint

alleged defendant had lewdly fondled or touched a child under 14 years of age with the intent to arouse or satisfy the sexual desires of either the child or himself. The complaint incorrectly classified a violation of K.S.A. 1993 Supp. 21-3504(a)(3)(A) as a severity level 4 person felony. See K.S.A. 1993 Supp. 21-3504(c).

On December 1, 1993, defendant appeared with counsel in the Reno County District Court. The district court advised defendant of the charge and informed him that his crime "carries a sentencing range of a minimum of thirty-eight months of imprisonment to a maximum of eighty-six months of imprisonment." Defendant waived his right to a preliminary hearing and informed the court that he wished to enter a plea of nolo contendere.

Before accepting the plea, the district court advised defendant he would be waiving several rights by entering such a plea. The court specifically told defendant he would be waiving: the right to a jury trial, the right to have the State prove him guilty beyond a reasonable doubt, the right to cross-examine adverse witnesses, the right to testify on his own behalf, and the right to appeal his conviction to a higher court. The court asked if defendant understood his rights and if he understood that by pleading no contest, he would be waiving those rights. Defendant indicated he understood. Defendant then entered a plea of nolo contendere to the charge of aggravated indecent liberties with a child. The plea was entered without any type of plea agreement with the State.

After further inquiry, the court found defendant had voluntarily, knowingly, and intelligently waived his constitutional rights and that he understood the nature of the charge and the consequences of his plea. Defendant stipulated that a factual basis existed to support the charge, and the court accepted the plea of no contest. The court found defendant guilty of aggravated indecent liberties with a child, contrary to K.S.A. 1993 Supp. 21-3504(a)(3)(A).

On January 4, 1994, defendant filed a motion to depart from the presumptive prison sentence prescribed by the Kansas Sentencing Guidelines Act. He argued that several substantial and compelling reasons existed to justify a departure from the guidelines. The defendant sought only a dispositional departure, not a durational departure.

After a hearing on defendant's motion, the district court concluded there were not substantial and compelling reasons under K.S.A. 1993 Supp. 21-4716 to justify a departure sentence. The court then proceeded to impose sentence. The criminal history worksheet contained in the presentence investigation report stated that defendant had no prior criminal history. According to K.S.A. 1993 Supp. 21-4709, an offender with no prior record has a category I criminal history. The court, operating on the mistaken belief that defendant's crime of conviction was a severity level 4 person felony, imposed the mid-range sentence of 41 months imprisonment as provided in grid block 4-I. K.S.A. 1993 Supp. 21-4704. Defendant's crime of conviction was actually a severity level 3 person felony. K.S.A. 1993 Supp. 21-3504(c).

On January, 24, 1994, defendant filed a motion to withdraw his plea of nolo contendere. Defendant's newly retained counsel argued that defendant had been denied the right to counsel and due process of law. Defendant alleged that a denial of the motion to withdraw his plea would result in manifest injustice.

A hearing to consider the motion to withdraw the plea was held on February 11, 1994. Defendant testified that prior to his arrest, Detective Mike Lucia of the Reno County Sheriff's Department called him and asked him to come to the sheriff's department to talk about the investigation. Defendant informed Detective Lucia he would come in for an interview, but he wanted to bring his retained attorney. Defendant and his attorney went to the sheriff's department.

Once at the sheriff's department, Detective Lucia questioned defendant, in the presence of defense counsel, for approximately an hour. Defendant claims that during this period, he did not make any confessions or admissions against interest. After approximately an hour, Detective Lucia announced that he was "done." Defense counsel left the building, leaving defendant alone with Detective Lucia.

After defense counsel was gone, Detective Lucia told defendant "we have been friends a long time," and "come in here and let's talk a little while." Defendant testified Detective Lucia kept telling him "that he knew I was guilty." Defendant further testified he

was horrified, crying, and wishing he was dead. Defendant confessed to the crime of aggravated indecent liberties with a child.

After giving Detective Lucia a few of the details regarding the crime, defendant asked to have defense counsel called back to the sheriff's department. Detective Lucia asked no more questions after defense counsel returned. According to defendant, defense counsel said "he was sorry he left me there alone; he should have made sure I came out with him." Defendant's wife testified that defense counsel later told her that he should not have "walked away."

Defendant further testified that defense counsel never discussed with him the possibility of defending the case. Defense counsel did not file a motion to suppress defendant's statement. The following colloquy took place between defendant and his newly retained counsel at the hearing:

"Q. Okay, and from then on did you ever discuss with [defense counsel] the possibility of defending the case or just pleading it out?
"A. He didn't think there was much room in doing anything but just pleading it out.
"Q. Was that because of what you had told Lucia?
"A. That's right. I know it was, yes."

Defense counsel did not testify at the hearing on defendant's motion to withdraw his plea. Furthermore, the issue of the erroneous crime severity level was never mentioned.

At the conclusion of the hearing, the district court denied defendant's motion to withdraw his plea. The court concluded:

"We are dealing here, as counsel has addressed, we are dealing here with a plea that was entered by Mr. Shaw on December the 1st. This is a case—the case did not proceed to a trial where these statements made to Detective Lucia were introduced as evidence against him. I think the important issue here is not the voluntariness of those statements to Detective Lucia. The issue is the voluntariness of Mr. Shaw's plea in this Court. And apparently he received advise from counsel to enter the plea. I also recognize Mr. Shaw to be a timid, if not meek, person. He was very nervous in the first court appearance he had before this Court. I recognize that. I think I took, exercised deliberate explanations as to all of his rights. We had a presentence investigation that certainly included statements by Mr. Shaw, and Mr. Shaw was certainly given the opportunity, and he did make oral statements to the Court, as well as at the time of sentencing. When he entered his plea, I asked him questions concerning—I explained his rights. I asked him

questions concerning his rights. He answered all of those questions. I don't think the actions by [defense counsel] of leaving when he believed the interview to be over when, in fact, it apparently continued, I don't, I don't think that makes Mr. Shaw's plea involuntarily, and I think the plea was entered knowingly, and I don't think the subsequent conviction is manifest injustice. Certainly, had the case proceeded to trial, there were steps that could have been taken in seeking to suppress any of those statements, but that's not the case. It didn't. It didn't proceed to trial. Mr. Shaw decided to enter a plea rather than proceeding to trial. I am satisfied that plea was voluntary, and I don't believe that he did not receive effective assistance of counsel. I think he had effective assistance of counsel. I don't think what has been presented here to the Court rises to establish manifest injustice. I am going to deny the defendant's motion to withdraw his plea."

The defendant raises a number of issues which he contends support the argument that he should have been allowed to withdraw his plea. However, on a review of the record, it becomes clear that the plea-taking process was fatally flawed for a reason not cited by the defendant.

K.S.A. 22-3210(a)(4) provides in relevant part that before or during trial a plea of guilty of *nolo contendere* may be accepted when "the court is satisfied that there is a factual basis for the plea."

Defendant waived the preliminary hearing and, during the arraignment, orally stipulated to a factual basis for the plea. However, not even a cursory recitation of the facts appears in the record. In *Widener v. State*, 210 Kan. 234, 237, 499 P.2d 1123 (1972), the Kansas Supreme Court found:

"Notwithstanding the express desire of the accused to enter a plea of guilty in a felony case, the court should not enter a judgment upon such a plea without personally making such inquiry of the accused as may satisfy it that there is a factual basis for the plea."

The problem in this case is not with stipulations in general. See *White v. State*, 222 Kan. 709, 713, 568 P.2d 112 (1977). The problem is that this particular stipulation did not recite or refer to *any* of the facts constituting a factual basis. It was nothing more than a bald statement by defense counsel that "[w]e stipulate there is a factual basis."

At oral argument we inquired of counsel concerning this apparent major departure from the statutory process. No satisfactory explanation could be made.

K.S.A. 22-3210 embodies due process requirements as set out by the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969), and other United States and Kansas Supreme Court cases. *Noble v. State*, 240 Kan. 162, 163-64, 727 P.2d 473 (1986).

The provisions of K.S.A. 22-3210(a)(4) are not onerous, but require some attention to detail. As stated in *Noble*: "To assure compliance with [K.S.A. 22-3210] a trial judge would be well advised to follow a written checklist prior to the acceptance of a plea of guilty or nolo contendere in a criminal case." 240 Kan. 162, Syl. ¶ 2.

Under K.S.A. 22-3210(a)(4), only a brief recitation of the necessary facts is required, but that at least must be done. Such a requirement may not be waived, as this would defeat the purpose of the statutory provision, *i.e.*, to assure there is a judicially determined factual basis for the plea. This is particularly important in this case, where the preliminary hearing was waived and a confession of very questionable legality is involved.

Under these facts, where defendant waived a preliminary hearing and entered a plea of nolo contendere stating that he stipulated to an unspecified factual basis, the record contains insufficient evidence for the district court to have concluded that a factual basis existed to support the plea. We need not reach the other issues raised by defendant.

The plea is therefore vacated, and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.