No. 71,257

STATE OF KANSAS, *Appellee,* v. JAMES ALLEN SHAW, SR.,
*Appellant.*
(910 P.2d 809)

Opinion filed January 26, 1996.

*Kerry J. Granger*, of Hutchinson, argued the cause, and *Richard J. Rome*, of Hutchinson, was on the brief for appellant.

*Timothy J. Chambers*, county attorney, argued the cause, and *Keith E. Schroeder*, assistant county attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Defendant pleaded nolo contendere to aggravated indecent liberties with a child. He appealed the trial court's denial of his post-sentencing motion to withdraw his plea, claiming the trial court erred (1) in failing to allow the appellant to withdraw his plea of nolo contendere and in failing to find the existence of manifest injustice and (2) by informing him of and in imposing an incorrect sentence. Without determining the issues raised in the appeal the Court of Appeals reversed and remanded because there was no factual basis stated in the record for the district judge to accept defendant's plea as required by K.S.A. 22-3210(a)(4), an issue raised by the court *sua sponte*. *State v. Shaw*, 21 Kan. App. 2d 460, 901 P.2d 49 (1995). This court granted the State's petition for review.

James Allen Shaw, Sr., was charged with aggravated indecent liberties with a child contrary to K.S.A. 1993 Supp. 21-3504(a)(3)(A). A violation of K.S.A. 1993 Supp. 21-3504(a)(3)(A) is a severity level 3 person felony. K.S.A. 1993 Supp. 21-3504(c). The complaint incorrectly classified the offense as a severity level 4 person felony.

On December 1, 1993, at the preliminary examination, the trial court informed Shaw that he was charged in the complaint with a single count: aggravated indecent liberties with a child. The court, relying on the complaint, informed Shaw that the offense charged was classified for sentencing purposes as a severity level 4 felony, which carries a sentencing range of 38 to 86 months of imprisonment, and that Shaw's specific sentence within that range would be determined by his prior criminal history. Based upon the facts stated in the complaint, Shaw waived his right to a preliminary examination. Shaw was immediately arraigned. After being informed of and waiving his constitutional rights, Shaw entered a plea of nolo contendere to the charge. The following exchange occurred:

"THE COURT: . . . I will find that you have voluntarily, knowingly, understandingly, and intelligently waived your constitutional rights, and that you understand the nature of the charge, and the consequences of your plea. That plea is therefore accepted. We need to establish a factual basis [of the crime]. Mr. Fletcher [counsel for the State], I am assuming you do not have the file, nor is it your case?

"MR. FLETCHER: I don't think Mr. Galloway's [Shaw's counsel] client would have problems to stipulating to the facts.

"MR. GALLOWAY: We stipulate there is a factual basis for the finding, your Honor.

"THE COURT: Based upon that stipulation and the defendant's plea of no contest, I will make a finding of guilty of Aggravated Indecent Liberties with a Child."

At the sentencing hearing, the trial court noted that the presentence investigation report stated that the crime severity level was "4" and that Shaw had no criminal history, placing him in category "I". Shaw had requested a dispositional departure of the sentence. After observing that the presumptive sentence for a severity level 4 crime was a range of 38 to 43 months, the judge denied the request for a dispositional departure and sentenced Shaw to the mid-range sentence of 41 months' imprisonment. Shaw's crime of conviction was actually a severity level 3 crime with a presumptive sentence for criminal history category "I" of 46 to 51 months and a mid-range sentence of 49 months. See K.S.A. 1993 Supp. 21-4704(a).

Shortly after sentencing, Shaw filed a motion to withdraw his plea, alleging ineffective assistance of counsel and due process violations. See K.S.A. 22-3210(d). The sentencing judge denied the motion to set aside the plea. Shaw timely appealed the denial of his motion to withdraw his plea.

Shaw argued to the Court of Appeals that withdrawal of his plea was necessary because (1) he received ineffective assistance of counsel and (2) he was informed of an incorrect severity level and sentencing range. Ignoring these arguments, the Court of Appeals reviewed the record and *sua sponte* found that the plea-taking process was fatally flawed because there was no factual basis for Shaw's conviction. In setting aside Shaw's plea, the Court of Appeals stated:

"K.S.A. 22-3210(a)(4) provides in relevant part that before or during trial a plea of guilty or nolo contendere may be accepted when 'the court is satisfied that there is a factual basis for the plea.'

"Defendant waived the preliminary hearing and, during the arraignment, orally stipulated to a factual basis for the plea. However, not even a cursory recitation of the facts appears in the record. In *Widener v. State*, 210 Kan. 234, 237, 499 P.2d 1123 (1972), the Kansas Supreme Court found:

'Notwithstanding the express desire of the accused to enter a plea of guilty in a felony case, the court should not enter a judgment upon such a plea without personally making such inquiry of the accused as may satisfy it that there is a factual basis for the plea.'

"The problem in this case is not with stipulations in general. See *White v. State*, 222 Kan. 709, 713, 568 P.2d 112 (1977). The problem is that this particular stipulation did not recite or refer to *any* of the facts constituting a factual basis. It was nothing more than a bald statement by defense counsel that '[w]e stipulate there is a factual basis.'

"At oral argument we inquired of counsel concerning this apparent major departure from the statutory process. No satisfactory explanation could be made.

"K.S.A. 22-3210 embodies due process requirements as set out by the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969), and other United States and Kansas Supreme Court cases. *Noble v. State*, 240 Kan. 162, 163-64, 727 P.2d 473 (1986).

"The provisions of K.S.A. 22-3210(a)(4) are not onerous, but require some attention to detail. As stated in *Noble*: 'To assure compliance with [K.S.A. 22-3210] a trial judge would be well advised to follow a written checklist prior to the acceptance of a plea of guilty or nolo contendere in a criminal case.' 240 Kan. 162, Syl. ¶ 2.

"Under K.S.A. 22-3210(a)(4), only a brief recitation of the necessary facts is required, but that at least must be done. Such a requirement may not be waived, as this would defeat the purpose of the statutory provision, *i.e.*, to assure there is a judicially determined factual basis for the plea. This is particularly important in this case, where the preliminary hearing was waived and a confession of very questionable legality is involved.

"Under these facts, where defendant waived a preliminary hearing and entered a plea of nolo contendere stating that he stipulated to an unspecified factual basis, the record contains insufficient evidence for the district court to have concluded that a factual basis existed to support the plea. We need not reach the other issues raised by defendant." *Shaw*, 21 Kan. App. 2d at 464-65.

The Court of Appeals held that a factual basis for Shaw's plea had not been established in the district court. In reaching this conclusion, the court focused only on the portion of the transcript of the plea hearing where Shaw's counsel stated, "We stipulate there is a factual basis for the finding, your Honor." The Court of Appeals found that defense counsel's stipulation was insufficient as to a factual basis for Shaw's plea.

In its petition for review, the State argued first that a defense counsel's stipulation that a factual basis for a guilty or no contest plea exists is, by itself, sufficient compliance with K.S.A. 22-3210(a)(4). Second, the State argued that there was a sufficient factual basis for Shaw's plea on the record here. Finally, the State suggested that the Court of Appeals erred by failing to request the filing of supplemental briefs before reversing on an issue raised by the court *sua sponte*. Shaw states that regardless of the factual basis issue, his argument to the Court of Appeals that he was informed of an incorrect severity level and sentencing range for the offense before he entered his plea is a more compelling reason to set aside the plea.

## FACTUAL BASIS FOR PLEA

K.S.A. 22-3210(a) permits the trial court to accept a plea of guilty or nolo contendere when, among other requirements, "the court is satisfied that there is a factual basis for the plea." In establishing a factual basis for the plea, the trial court must establish that all elements of the crime charged are present. See *State v. Calderon*, 233 Kan. 87, 93, 661 P.2d 781 (1983).

The Court of Appeals has reversed several convictions because of an insufficient factual basis for accepting a defendant's plea. In *Clinkingbeard v. State*, 6 Kan. App. 2d 716, 634 P.2d 159 (1981), the defendant was charged with second-degree murder. The Court of Appeals noted that when entering a plea of guilty, the defendant was confused as to the element of intent. When asked whether he " 'willfully, maliciously, without deliberation and premeditation' " murdered the victim with a shotgun, Clinkingbeard replied, " 'Not on purpose, sir.' " 6 Kan. App. 2d at 718. The Court of Appeals construed this response as an attempt to deny that the shooting was intentional and willful. The court held that on this record, Clinkingbeard did not have an intelligent understanding of the elements of second-degree murder. Therefore, the court concluded that there was an insufficient factual basis for the defendant's plea and found that the plea was not knowingly made. 6 Kan. App. 2d at 720.

Another case, *State v. Snyder*, 10 Kan. App. 2d 450, 701 P.2d 969 (1985), was noted by the State in its petition for review here. Snyder was originally charged with three counts of indecent liberties with a minor, and he subsequently pleaded guilty to one count of attempted aggravated interference with parental custody. On appeal, the defendant attempted to withdraw his plea, arguing that the judge had failed to obtain a factual basis for accepting the plea. The Court of Appeals acknowledged that the "factual basis" requirement for accepting a plea may be satisfied by an information given or read to the defendant which sets forth the factual details and essential elements of the particular crime charged, by the judge's interrogation of the defendant at length and in detail as to the facts of the offense charged, by the evidence presented to the court by the prosecutor, or by the judge's presence at defendant's preliminary examination. 10 Kan. App. 2d at 454-55. However, the court noted that the information did not set out the essential elements of the crime and that the trial judge made no inquiry into the facts upon which the charge was based to establish the essential elements of the crime. In addition, the evidence at Snyder's preliminary hearing was presented to a different judge, concerned different charges, and could not provide a sufficient factual basis

for each essential element of the charge when Snyder pleaded guilty. 10 Kan. App. 2d at 456. The *Snyder* court concluded that the trial court failed to establish a factual basis for accepting a plea.

The State contends that a stipulation by defense counsel that a factual basis exists for the plea is by itself sufficient to form the factual basis required by K.S.A. 22-3210(a)(4). We disagree. A constitutional or statutory protection afforded a criminal defendant may be waived by the defendant when done so freely and voluntarily with full knowledge of the possible consequences. *State v. Busse*, 231 Kan. 108, Syl. ¶ 2, 642 P.2d 972 (1982); see *State v. Braun*, 253 Kan. 141, Syl. ¶ 2, 853 P.2d 686 (1993). However, a stipulation by defense counsel that a factual basis exists, without any indication that the defendant has waived the statutory requirement that the court be satisfied that there is a factual basis for the plea, does not provide a sufficient factual basis for establishing that all the elements of the crime exist.

The State's second argument is that there was a sufficient factual basis in the record.

This court has on several occasions addressed the sufficiency of the factual basis to be established by a trial court upon a defendant's plea of guilty or nolo contendere. In *Widener v. State*, 210 Kan. 234, 499 P.2d 1123 (1972), Widener argued that the trial court failed to interrogate him to determine if he understood the charges against him before accepting his guilty pleas. The record revealed that Widener waived the reading of the information at the plea hearing but had previously received a copy of the information. The court informed Widener that he was charged with "burglary in the second degree and the commission of a larceny." 210 Kan. at 239. Widener then pleaded guilty to the burglary, and he answered affirmatively when asked if he pleaded guilty "because you did in fact burglarize this concession stand." 210 Kan. at 239.

Although acknowledging that the trial court's inquiry as to a factual basis for the plea was skimpy, the *Widener* court noted that Widener was furnished a copy of the information prior to arraignment which set forth the details of the particular crime and which included each element of the crime. Widener, after receiving a copy of the information, stated that he had burglarized the con-

cession stand. The *Widener* court concluded that Widener understood the nature of the charge and the consequences of his plea. The court found that under the circumstances there was sufficient factual basis for the judge to accept the plea. 210 Kan. at 240.

In *James v. State*, 220 Kan. 284, 553 P.2d 345 (1976), James also argued that the trial court had no factual basis for accepting his plea of guilty. After noting that K.S.A. 22-3210 was not in effect at the time of James' plea in 1969, the *James* court held that the requirements of that statute were not retroactive and therefore not applicable to his plea. The *James* court stated if the statute had been in effect, strict compliance with the statute was not required if the purpose of the statute was otherwise served. After noting that James pleaded guilty because he was guilty and that the facts of the crime were recited in the information read to him, this court held that there had been no denial of due process. 220 Kan. at 287.

A similar argument was made in *Noble v. State*, 240 Kan. 162, 727 P.2d 473 (1986). The trial judge did not state that there was a factual basis for the defendant's plea. Citing *James* and *Widener* and noting that Noble had a copy of the information which set forth the facts and essential elements of the crime charged, had reviewed the information in detail with his attorney, and had represented to the court that he committed "each and every one of those essential elements," the *Noble* court found that there was a sufficient factual basis for accepting the plea. 240 Kan. at 170.

K.S.A. 22-3210 embodies due process requirements as set out by the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969), and other United States and Kansas Supreme Court cases. That statute sets out the guidelines for the acceptance of a plea of guilty or nolo contendere. The requirement of a factual basis for a plea may be satisfied by a complaint or information given or read to the defendant which sets forth the factual details and essential elements of the particular crime charged, by the evidence presented to the court by the prosecutor, by a statement of the facts made by the defendant at the hearing, or if the judge accepting the defendant's plea conducted

the defendant's preliminary examination. *State v. Snyder*, 10 Kan. App. 2d 450, Syl. ¶ 2.

Shaw waived a preliminary examination here and was immediately arraigned. At the arraignment prior to determining how the defendant pleaded, the trial court informed Shaw of the charge filed in the complaint against him. The court notified Shaw that he was charged with a single count:

"That count alleges that between July 7 and July 17 of 1993, while in Reno County, Kansas, you unlawfully and feloniously and willfully engaged in the lewd fondling or touching of a child done or submitted to with the intent to arouse or satisfy the sexual desires of the child or yourself or both when the child was under fourteen years of age."

Unlike in *Snyder*, 10 Kan. App. 2d 450, the court's notification to Shaw of what he was charged with set out each essential element of the crime. The only facts included in the complaint handed to the defendant but omitted in the court's recitation were the name and date of birth of the victim. These were nonessential facts because the court's recitation specified that the child was under age 14. The trial court's recitation of the elements of the crime, coupled with Shaw's stipulation, provided a sufficient factual basis upon which to accept Shaw's plea here. The Court of Appeals erred in reversing Shaw's conviction due to an insufficient factual basis.

## ILLEGAL SENTENCE

In response to the State's petition for review, Shaw argued that his strongest issue was the due process argument that he received an illegal sentence, an issue not ruled on by the Court of Appeals. We note that Shaw was not correctly advised of the maximum sentence which could be imposed if he entered a plea. Shaw was informed that his offense was a severity level 4 crime, although the crime charged was actually a severity level 3 crime. K.S.A. 1993 Supp. 21-3504(c); K.S.A. 1993 Supp. 21-4704(a). Shaw received an illegal sentence when the trial court imposed a sentence of 41 months without making the requisite findings for a downward durational departure because the minimum presumptive sentence for a level 3 crime was 46 months. See K.S.A. 1993 Supp. 21-4716(a)

(judge shall impose presumptive sentence unless judge finds substantial and compelling reasons to impose a departure).

The State concedes that Shaw received an illegal sentence when the trial court sentenced him to less than the presumptive sentence without finding substantial and compelling reasons for imposing a departure sentence. The State asserts that the fact Shaw was informed of an incorrect crime severity level and sentencing range prior to entering a plea does not amount to manifest injustice requiring withdrawal of his plea. According to the State, rather than setting aside the defendant's plea, the proper remedy is to remand for resentencing.

An "illegal sentence" is a sentence imposed by a court without jurisdiction; a sentence which does not conform to statutory provisions, either in the character or the duration of the sentence; or a sentence which is ambiguous as to the time and manner in which it is to be served. *State v. Ruff*, 252 Kan. 625, 628, 847 P.2d 1258 (1993). If a sentence does not conform to the statutory provisions, the proper remedy is to remand to the district court for correction of the illegal sentence. See *State v. Scherzer*, 254 Kan. 926, 939, 869 P.2d 729 (1994). The problem here is that in addition to actually receiving an illegal sentence, Shaw was misinformed as to the maximum sentence which could be imposed before he entered his plea. It is that fact which prevents this court from simply remanding for correction of the illegal sentence.

K.S.A. 22-3210(a)(2) requires that before accepting a plea of guilty or nolo contendere, the court shall inform the defendant "of the consequences of the plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea." This statute was amended effective July 1, 1994, to require that the court inform the defendant "of the consequences of the plea, including the specific sentencing guidelines level of any crime committed on or after July 1, 1993, and of the maximum penalty provided by law which may be imposed upon acceptance of such plea." K.S.A. 1994 Supp. 22-3210(a)(2). The amendment was necessary because of the Kansas Sentencing Guidelines Act and took effect after Shaw's plea hearing. Although the amended statute is inap-

plicable here, the amendment does not impose requirements beyond those in effect at the time of Shaw's plea.

K.S.A. 22-3210(d) permits a trial court to set aside a judgment of conviction and allow a defendant to withdraw his or her plea after sentencing to correct manifest injustice. Normally, the decision to deny a motion to withdraw a plea lies within the sound discretion of the trial court, and the court's decision will not be disturbed on appeal absent a showing that the court abused that discretion. See *State v. McDaniel*, 255 Kan. 756, Syl. ¶ 4, 877 P.2d 961 (1994).

Every failure to strictly comply with the requirements of K.S.A. 22-3210 does not require reversal. In *Trotter v. State*, 218 Kan. 266, 543 P.2d 1023 (1975), the trial court substantially conducted inquiry as required by K.S.A. 22-3210 but failed to "inquire specifically of the appellant as to whether he was making the pleas voluntarily." The *Trotter* court stated:

"While we do not approve of any failure to comply strictly with the explicitly stated requirements of K.S.A. 22-3210, it does not follow that every deviation therefrom requires reversal. If upon review of the entire record it can be determined that the pleas of guilty were knowingly and voluntarily made, the error resulting from failure to comply strictly with K.S.A. 22-3210 is harmless." 218 Kan. at 269.

In *Trotter*, the trial court informed the defendant of the rights he was waiving, the trial court determined that counsel had informed the defendant of the possible penalty for each offense, the State read the information on the record, the State questioned the defendant to establish a factual basis for the pleas, and the trial court restated the nature of each charge in asking for the pleas. 218 Kan. at 269. This court held that the record satisfied the requirement of an affirmative showing that the pleas were knowing and voluntary. 218 Kan. at 270.

In *Noble v. State*, 240 Kan. at 165, this court stated that "it is not necessary to comply strictly with the mandates of 22-3210 if the purpose of the statute is otherwise served." There, the trial court had explained to the defendant that he was waiving the right to trial by jury, the right to confront and cross-examine witnesses, the right to compel attendance of witnesses, and the right to appeal on all but a few narrow constitutional grounds. 240 Kan. at 167.

However, the trial court had not informed the defendant of the maximum penalty which could be imposed upon conviction, and nothing in the record showed affirmatively that the defendant's attorney had informed him of the maximum possible penalty. 240 Kan. at 164. The defendant argued on appeal that he was not informed of the consequences of his plea concerning his right against self-incrimination. Although the transcript of the plea hearing quoted in the opinion did not show that the defendant had been informed of this right, the *Noble* court noted that a copy of the information which the petitioner had received and had reviewed in detail with his attorney contained the minimum and maximum possible sentences for each count with which the petitioner was charged. It further noted that petitioner had waived the formal reading of the information at his arraignment. Plea negotiations had been entered into with the prosecutor, resulting in the prosecutor recommending a certain sentence. The prosecutor had recommended the maximum penalty on the one Class D felony and the three Class E felonies. 240 Kan. at 165, 169-70. The *Noble* court held that although the record did not clearly reflect what the defendant understood, there had been substantial compliance with the requirements of K.S.A. 22-3210 and the defendant's pleas were made voluntarily with an understanding of the factual basis of the charges and the possible penalties that could be imposed. 240 Kan. at 169.

The purpose of K.S.A. 22-3210(a) is to require the trial court to satisfy itself that the defendant's plea is made voluntarily and understandingly; to be so made, the record must show that the defendant fully understood his or her rights and was aware of the consequences of his or her plea. This case involves more than the imposition of an illegal sentence. In this case the defendant's plea was not knowing and voluntary because he was misinformed of the sentencing consequences of his plea. In a proceeding to withdraw a plea under K.S.A. 22-3210(d), where the record reflects that the defendant was incorrectly informed of the maximum penalty provided by law before entering the plea, the conviction must be reversed and the defendant allowed to withdraw his or her plea.

Here, the trial court incorrectly informed Shaw of the sentencing range for his offense; Shaw was not aware of the maximum penalty provided by law which could be imposed. Because Shaw did not understand the consequences of his plea, the district court was required to set aside the judgment of conviction and allow the defendant to withdraw his plea.

Because we are reversing the defendant's conviction, we need not reach the other arguments made by the defendant. Judgment of the Court of Appeals is affirmed. Judgment of the district court is reversed and the case is remanded for further proceedings.