NOT DESIGNATED FOR PUBLICATION

No. 117,010

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOE N. MONDRAGON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed February 9, 2018. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., BUSER and SCHROEDER, JJ.

PER CURIAM: Joe N. Mondragon appeals the district court's summary dismissal of his K.S.A. 60-1507 motion. The district court ruled, in relevant part, that Mondragon's motion was procedurally barred because it was untimely and successive. On appeal, Mondragon claims the district court erred because it failed to liberally construe his pleading as a motion to correct an illegal sentence under K.S.A. 22-3504.

Upon our review, we find the district court properly considered Mondragon's pleading as a K.S.A. 60-1507 motion. Moreover, because Mondragon did not appeal or

1

brief the district court's adverse finding that summary dismissal was proper due to the untimely and successive nature of his K.S.A. 60-1507 motion, we hold this issue is waived or abandoned on appeal. Accordingly, the district court's summary dismissal is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

In 2007, Mondragon was charged with rape of a child under the age of 14 in violation of K.S.A. 2006 Supp. 21-3502(a)(2) and two counts of aggravated indecent liberties with a child under the age of 14 in violation of K.S.A. 2006 Supp. 21-3504(a)(3)(A). All three charges are off-grid person felonies. Although the caption of the complaint stated that Mondragon was born in 1945, the body of the complaint did not allege that Mondragon was 18 years or older at the time of the offenses.

Pursuant to a plea agreement, the State dismissed the rape charge and Mondragon pled guilty to two counts of aggravated indecent liberties with a child under the age of 14. Prior to sentencing, Mondragon filed a motion seeking a departure from the presumptive sentences for his off-grid offenses. Mondragon argued that a departure was warranted, in part, because he was 63 years of age and unlikely to reoffend. The district court denied the departure motion and, in accordance with Jessica's Law—K.S.A. 2006 Supp. 21-4643(a)(1), sentenced Mondragon to concurrent sentences of life imprisonment without the possibility of parole for 25 years.

On direct appeal, Mondragon claimed the district court abused its discretion when it denied his motion for a departure sentence, and he argued that his life sentences constituted cruel and unusual punishment. The Kansas Supreme Court affirmed the sentences on December 4, 2009. *State v. Mondragon*, 289 Kan. 1158, 1160-65, 220 P.3d 369 (2009).

2

Subsequently, Mondragon filed a K.S.A. 60-1507 motion alleging ineffective assistance of counsel regarding his guilty pleas, which was remanded for an evidentiary hearing. *Mondragon v. State*, No. 106,902, 2013 WL 195489, at *1 (Kan. App. 2013) (unpublished opinion). Ultimately, on March 13, 2015, we affirmed the denial of this K.S.A. 60-1507 motion after the district court held an evidentiary hearing. *Mondragon v. State*, No. 111,221, 2015 WL 1310810, at *1-2 (Kan. App. 2015) (unpublished opinion). Our Supreme Court denied Mondragon's petition for review on September 23, 2015.

On April 1, 2016, Mondragon filed the motion that is the subject of this appeal. In the motion, Mondragon contended that he received unconstitutionally ineffective assistance of counsel on both his direct appeal and his first K.S.A. 60-1507 motion. Mondragon asserted that his attorneys were ineffective for not arguing that the district court lacked jurisdiction to sentence him for an off-grid offense because the State failed to allege his age in either the complaint or the factual basis for his guilty pleas. For relief, Mondragon sought an order vacating his current sentences and remanding to the district court for resentencing as severity level 3 felonies. In support of his motion, Mondragon filed a "Memorandum of Law in Support of K.S.A. 60-1507." Additionally, Mondragon asserted that he demonstrated exceptional circumstances and manifest injustice which overcame the successive and untimely nature of his second K.S.A. 60-1507 motion.

The district court summarily denied Mondragon's motion as untimely and successive. The district court also found the issues raised by Mondragon should have been raised on appeal, his motion impermissibly dealt with alleged trial errors, and the motion was conclusory. Mondragon filed a motion for additional findings of fact and conclusions of law, which the district court denied. Mondragon timely appeals.

DISCUSSION

On appeal, Mondragon contends the district court failed to liberally construe his pro se pleading as a motion to correct an illegal sentence under K.S.A. 22-3504. The State counters that Mondragon's motion both in style and substance was a K.S.A. 60-1507 motion.

We begin our analysis with a summary of our standards of review. "Whether a district court correctly construed a pro se pleading is a question of law subject to de novo review." *State v. Ditges*, 306 Kan. 454, 456, 394 P.3d 859 (2017). Additionally, when the district court summarily denies a K.S.A. 60-1507 motion or a motion to correct illegal sentence, this court applies a de novo standard of review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014); *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Finally, whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which an appellate court has unlimited review. 304 Kan. at 417.

"Pro se pleadings are liberally construed, giving effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments. A defendant's failure to cite the correct statutory grounds for his or her claim is immaterial." *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010).

At the outset, Mondragon has not identified anywhere in the district court proceedings wherein he asked the district court to construe his motion as a motion to correct illegal sentence rather than a K.S.A. 60-1507 motion. On the contrary, at the district court level, Mondragon's motion and memorandum of law were both, in form and substance, pleadings filed in accordance with K.S.A. 60-1507. Mondragon's pro se motion was typewritten on a form approved by Supreme Court Rule 183(e) (2018 Kan. S.

4

Ct. R. 223) for K.S.A. 60-1507 motions. In his memorandum of law supporting the motion, Mondragon repeatedly referenced the motion as one under K.S.A. 60-1507 in the caption ("Memorandum of Law In Support of K.S.A. 60-1507 Motion") and in the body of the pleading ("This is movant's second K.S.A. 60-1507 motion.").

Significantly, the substance of Mondragon's memorandum of law cited Kansas rules ("Movant in this a second and successive K.S.A. 60-1507 motion must overcome Kan. Sup. Ct. Rule 183(d).") and caselaw ("The rationale for the rule that a 60-1507 proceeding may not be used as a substitute for a direct appeal . . . . *Long v. State*, 2004 Kan. App. Unpub Lexis 310") which are particularly relevant and applicable only to K.S.A. 60-1507 motions. Additionally, Mondragon's memorandum of law specifically addressed the procedural bars of successiveness and untimeliness that relate specifically to K.S.A. 60-1507 motions. See K.S.A. 2017 Supp. 60-1507(c) and (f).

Mondragon's framing of his legal argument in the memorandum of law was also consistent with a K.S.A. 60-1507 motion. Although he asserted the district court erred by imposing the off-grid sentences, he couched his claim as one of ineffective assistance of counsel in violation of his constitutional rights. Such a claim is properly raised in a K.S.A. 60-1507 motion. See, e.g., *Robertson v. State*, 288 Kan. 217, 221, 201 P.3d 691 (2009). But, on the contrary, "ineffective assistance of counsel claims do not fall within the narrow definition of an illegal sentence." *State v. Labrum*, No. 114,892, 2016 WL 5344099, at *3 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1326 (2017).

Based on a plain reading of Mondragon's motion and memorandum of law we are convinced that he intended to move the district court for relief pursuant to K.S.A. 60-1507. Accordingly, the district court did not err by construing the motion as based on K.S.A. 60-1507.

Next, we consider the propriety of the district court's summary denial of Mondragon's K.S.A. 60-1507 motion because it was untimely and successive.

There are two procedural bars which allow a district court to summarily dismiss a K.S.A. 60-1507 motion. First, a defendant has one year from when a conviction becomes final to file a motion under K.S.A. 60-1507. K.S.A. 2017 Supp. 60-1507(f)(1). This one-year time limitation may be extended by the district court only to prevent a manifest injustice. K.S.A. 2017 Supp. 60-1507(f)(2). Second, the sentencing court is not required to entertain a second or successive K.S.A. 60-1507 motion for similar relief on behalf of the same prisoner. *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013) (citing K.S.A. 60-1507[c]).

As the State points out, although Mondragon addressed the untimeliness and successiveness issues in the district court, on appeal he does not make any arguments regarding these two procedural bars. This is a significant omission. A well-established rule is that an issue not briefed by an appellant is deemed waived or abandoned. *State v. Logsdon*, 304 Kan. 3, 29, 371 P.3d 836 (2016). Because Mondragon has abandoned any arguments that the district court erred in summarily dismissing his K.S.A. 60-1507 motion, we affirm the district court's ruling.

Setting aside the procedural bars to our review of Mondragon's sentencing issue, we briefly address the merits of Mondragon's argument and summarize our view that he has not presented a valid legal basis for resentencing to severity level 3 felonies.

Mondragon's underlying assertion is that the district court was precluded from imposing off-grid sentences because his age was not established at the time of his pleas. In Kansas, the fact that the defendant is 18 years or older is an element of offenses classified as off-grid felonies under Jessica's Law. See *State v. Hernandez*, 294 Kan. 200, 207, 273 P.3d 774 (2012); *State v. Brown*, 291 Kan. 646, 663, 244 P.3d 267 (2011). From

this premise, Mondragon reasons that his sentences are illegal because there was no jurisdiction to impose them since his age was not alleged in the complaint or established in the factual basis for the plea.

Mondragon's jurisdictional argument fails, however, because "[a] charging document's failure to include an element of a crime under the defining Kansas statute does not deprive the court of subject matter jurisdiction to convict." *State v. Dunn*, 304 Kan. 773, 819-20, 375 P.3d 332 (2016). Additionally, an insufficient factual basis for a plea does not eliminate a court's jurisdiction. *State v. Longbine*, No. 110,464, 2014 WL 5347344, at *6 (Kan. App. 2014) (unpublished opinion); *State v. Easterling*, No. 110,009, 2014 WL 1707992, at *3 (Kan. App. 2014) (unpublished opinion).

Under K.S.A. 2017 Supp. 22-3210(a)(4), a district court may accept a plea of guilty when "the court is satisfied that there is a factual basis for the plea." "In establishing a factual basis for the plea, the trial court must establish that all elements of the crime charged are present." *State v. Shaw*, 259 Kan. 3, 7, 910 P.2d 809 (1996). The factual basis for the plea may be satisfied by a charging document given or read to the defendant which sets forth the factual details and essential elements of the crime charged. 259 Kan. at 10-11.

In this case, at the plea hearing, the district court read the charges contained in the complaint to Mondragon, but it did not read his date of birth. However, our Supreme Court in *Shaw* explained that every failure to strictly comply with the requirements of K.S.A. 22-3210 does not require reversal. 259 Kan. at 13. Indeed, strict compliance may be excused if the record shows that the defendant fully understood his or her rights and was aware of the consequences of his or her plea. 259 Kan. 3, Syl. ¶¶ 4-5. This includes the defendant having an intelligent understanding of the elements required to support a plea and to knowingly plead to the crime. 259 Kan. at 8.

The record is clear that any failure to mention Mondragon's age in the complaint or the factual basis of the plea did not affect his understanding of the crimes charged or consequences of his pleas. The following circumstances support the conclusion that Mondragon was fully aware of the possibility he would receive life sentences as a result of being an offender aged 18 years or older:

- The caption of the complaint listed Mondragon's year of birth as 1945; the complaint listed the crimes as off-grid person felonies;
- the acknowledgment of rights form signed by Mondragon stated he was 62 years of age, listed his crimes as off-grid felonies, and listed the appropriate sentencing ranges for the off-grid level of the offenses;
- the plea agreement listed Mondragon's crimes as off-grid person felonies;
- at the plea hearing, the district court informed Mondragon that he was charged with off-grid felonies and stated the correct sentencing ranges for the off-grid level of the offenses; and
- Mondragon filed a motion for a departure sentence prior to sentencing in which he expressly referred to his crimes as off-grid offenses under Jessica's Law and acknowledged that he was 63 years of age.

Mondragon does not claim he was confused about what he pled guilty to or that he misunderstood the consequences of his pleas. Our review of the record convinces us that he understood his rights and was aware of the consequences of his pleas. Mondragon's complaints are legally insufficient to warrant resentencing to severity level 3 felonies given that he knowingly and voluntarily pled guilty to the off-grid versions of the crime. See *State v. Gomez*, No. 107,936, 2013 WL 3970182, at *3-4 (Kan. App. 2013) (unpublished opinion). Mondragon's sentences are not illegal.

Affirmed.